**CV 15-5346**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HARRIS JOHN

                            Plaintiff

      -against-

P.O. MATTHEW LEWIS, Shield No. 25652
And THE CITY OF NEW YORK

                          Defendants
------------------------------------------------------------X

FILED
CLERK

C.V. No. 2015 SEP 16 AM 9:44

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

(Jury Trial Demanded
of all issues)

CHEN, J.
SCANLON, M.J.

The Plaintiff HARRIS JOHN, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

2. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

### JURISDICTION

3. Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

### PARTIES

4. The plaintiff HARRIS JOHN at all times hereinafter mentioned was and still is an African-American citizen of the United States and a resident of the City and State of New York and County of Queens.

5. That the defendant CITY OF NEW YORK is a Municipal Organization, organized and existing by virtue of the laws of the State of New York.

6. That upon information and belief the defendant P.O. MATHEW LEWIS at all times hereinafter mentioned was a police officer employed by the defendant CITY OF NEW YORK and was acting with the scope of said employment as police officer and was further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7. That the defendant P.O. MATHEW LEWIS is being sued individually and in his official capacity as a police officer acting on behalf of the defendant CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

8. On or about October 8, 2012 at shortly after 9:00 A.M. the plaintiff was walking eastbound on Linden Boulevard in the vicinity of 203rd Street in the St. Albans section of Queens County in the City and State of New York.

9. The defendant P.O. MATHEW LEWIS in his capacity as an Anti-Crime Unit police officer stopped the plaintiff, without any good or legal cause and conducted a search of the plaintiff's person, pursuant to the "stop and frisk" policy of the City of New York, then existing.

10. That at the time the defendant LEWIS stopped plaintiff and searched plaintiff he lacked any reasonable cause to believe the plaintiff was committing a crime or had committed a crime, and had no proper legal basis to stop and search the plaintiff.

11. That despite the fact that the search of the plaintiff's person yielded no contraband, or any instrumentality or evidence of any crime whatsoever, the defendant LEWIS demanded that plaintiff show him identification to verify his identity for the claimed purported purpose of completing a stop and frisk report pursuant to the regulations, policies, and practices of the New York City Police Department.

12. The defendant then conducted an unlawful search of plaintiff's wallet and subsequently arrested plaintiff and falsely charged him with possessing forged credit cards; in particular the defendant charged the plaintiff with criminal possession of a forged instrument, second degree, a "D" felony offense. (Penal Law sec. 170.20).

13. That the defendant LEWIS on or about October 8, 2012 caused a Criminal Complaint to be filed against plaintiff charging plaintiff with the felony offense of criminal possession of a forged

instrument, third degree (Penal Law sec. 170.20).

**14.** The plaintiff lacked probable cause to charge plaintiff with the aforesaid crimes but the defendant nevertheless caused the plaintiff to be prosecuted in Queens County Criminal Court and the Supreme Court of the County of Queens.

**15.** That a hearing was conducted upon the motion of the plaintiff before the Hon. Ira H. Margulis in Queens County Supreme Court regarding the constitutionality of the conduct of P.O. LEWIS with respect to his search and seizure of the plaintiff.

**16.** Upon the record of such hearing the Court determined that defendant P.O. LEWIS had violated the constitutional rights of plaintiff and that the search and arrest of plaintiff was constitutionally unlawful.

**17.** That the charges made against plaintiff was falsely made by defendant LEWIS without probable cause, and the subsequent prosecution was also initiated by said defendant with malice and without probable cause.

**18.** That plaintiff was not convicted of the charges brought against him or any lesser included offense.

## FIRST CAUSE OF ACTION

**19.** The plaintiff incorporates by reference each preceding paragraph of this complaint as if set forth at length herein.

**20.** That the aforesaid arrest and imprisonment of the plaintiff by the defendant P.O. LEWIS in his capacity as police officer employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of the crimes for which he was charged.

**21.** That said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**22.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of his rights privileges and benefits as provided to him under the constitutions of the united States of America and the State of New York, was subjected to pain, suffering, great indignities, ridicule,

scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further caused to incur monetary expenses.

23. That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable to plaintiff for compensatory as well as punitive damages.

## SECOND CAUSE OF ACTION

24. The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

25. The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## THIRD CAUSE OF ACTION

26. The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

27. Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1, 6, 8, 9, 11 and 12 or the New York State Constitution, including without limitation the following deprivations of his rights, privileges and immunities;

(a) Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution the State of New York.

## FOURTH CAUSE OF ACTION

**28.** The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**29.** That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

**30.** That plaintiff was wholly innocent of the aforesaid charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

**31.** That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

## FIFTH CAUSE OF ACTION

**32.** The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**33.** That the defendants instituted and continued the criminal proceeding against the plaintiff in the Criminal and Supreme Courts of the City and State of New York in the absence of any probable cause for said prosecution.

**34.** That the prosecution against plaintiff was instituted by defendants with malice.

**35.** The charges against the plaintiff were favorably terminated in favor of the plaintiff.

## SIXTH CAUSE OF ACTION

**36.** The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**37.** That at all times material to this complaint, the defendant CITY OF NEW YORK; acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

**38.** That it is common practice and common knowledge that police officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

**39.** The search of the plaintiff by the defendant was conducted in accordance with the stop and frisk policy and practices of the CITY OF NEW YORK which encouraged and directed police officers to stop and search young black men without regard to their Fourth and Fourteenth amendment constitutional rights.

**40.** The Federal Court of this District has determined that the stop and frisk policy was an official policy of the defendant CITY OF NEW YORK that was constitutionally unlawful and violative of the rights of persons subjected to these stops and searches.

**41.** Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

> (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would not have done;

> (b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

> (c) Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be searched, forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other N.Y.P.D. police officers;

    (d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct

**42.** All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to him.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants;

    A.    Compensatory damages
    B.    Punitive damages
    C.    Costs, interests, and attorney's fees
    D.    Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
       September 8, 2015

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575